**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION AT COLUMBUS**

| | | |
|---|---|---|
| JAMES K. BISHOP, | : | Case No. 2:25-cv-1390 |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | District Judge Michael H. Watson |
| | : | Magistrate Judge Karen L. Litkovitz |
| | : | |
| OHIO DEPARTMENT OF | : | |
| REHABILITATION AND CORRECTION, | : | |
| *et al.*, | : | |
| | : | |
| Defendants. | | |

## REPORT AND RECOMMENDATION

Plaintiff, an Ohio inmate at the Noble Correctional Institution (NCI), has filed a pro se

Complaint under 42 U.S.C. § 1983 against nine defendants:  the Ohio Department of

Rehabilitation and Correction (ODRC), ODRC Director Annette Chambers-Smith, ODRC

Assistant Chief Inspector K. Morrow, NCI, NCI Warden Jay Forshey, NCI Corrections Officer

Campbell, NCI Inspector R. Cobb, and two unidentified NCI corrections officers.  (Doc. 1).

Plaintiff sues the individual Defendants in their individual and official capacities.  (*Id*. at PageID

5-6).  Plaintiff has been granted leave to proceed *in forma pauperis*.  *See* 28 U.S.C. § 1915.

This matter is before the Court for a s*ua sponte* review of the Complaint to determine

whether the Complaint or any portion of it should be dismissed because it is frivolous, malicious,

fails to state a claim upon which relief can be granted or seeks monetary relief from a defendant

who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B); 1915A(b).

### A.      Legal Standard

Because Plaintiff is a prisoner, and is proceeding *in forma pauperis*, the Court must

dismiss the Complaint, or any part of it, that is frivolous, malicious, fails to state a claim upon

which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B) & § 1915A(b). Complaints by *pro se* litigants are to be construed liberally and held to less stringent standards than those prepared by attorneys. *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004). But this leniency is not boundless, and "it is not within the purview of the district court to conjure up claims never presented." *Frengler v. Gen. Motors*, 482 F. App'x 975, 977 (6th Cir. 2012).

In reviewing Plaintiff's Complaint at this stage, the Court must construe it in his favor, accept all well-pleaded factual allegations as true, and evaluate whether it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). But the Court is not required to accept factual allegations that are "clearly irrational or wholly incredible." *Ruiz v. Hofbauer*, 325 F. App'x 427, 429–30 (6th Cir. 2009). Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Although "detailed factual allegations" are not required, the Court must dismiss the Complaint "if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 662 (internal quotation and quotation marks omitted). In the end, "basic pleading essentials" are still required. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

### B. Allegations

Plaintiff asserts that on October 4, 2025, an unidentified Defendant corrections officer told NCI staff members that Plaintiff needed a new identification card. (Doc. 1, at PageID 3). Thereafter, Corrections Officer Perrin, who is not named as a Defendant, told Plaintiff to go to "RND" to get the new card. (*Id*.). Once at RND, Defendant Corrections Officer Campbell told

2

Plaintiff that he would have to pay $5.00 for the new identification card and to sign a cash slip for that purpose. (*Id.*). Plaintiff asked why he was responsible for the cost of the new card, and Campbell allegedly told him it was because of changes in his appearance due to age. (*Id.*). Also, another unidentified Defendant corrections officer allegedly told Plaintiff that if he did not sign the cash slip he would be sent to the Temporary Placement Unit for disobeying a direct order. (*Id.*). Plaintiff claims that he felt intimidated and signed the slip. (*Id.*).

Thereafter, Plaintiff filed grievances regarding the above events, which he claims were improperly denied. (*Id.* at PageID 4, 6; *see also* Doc. 1-1). Plaintiff asserts that requiring him to pay for the new identification card due to changes in his appearance attributable to aging violated ODRC and NCI policies, which require inmates to get new identification cards at their expense when they undergo a change in appearance that "is occasioned by grooming changes" (Ohio Admin. Code § 5120-9-25(G)) or is due to "changes . . ., such as growing (or shaving) a beard or mustache" (NCI Handbook, p. 38). Additionally, Plaintiff asserts that requiring him to pay for the new identification card constituted deliberate indifference to his natural aging and/or age discrimination. (*Id.* at PageID 4-6).

Plaintiff seeks over $13,000,000 in damages and injunctive relief. (*Id.* at PageID 7).

### C. Analysis

Based on the above allegations, Plaintiff brings claims against Defendants for cruel and unusual punishment in violation of the Eighth Amendment and age discrimination in violation of the Equal Protection Clause of the Fourteenth Amendment. (*Id.* at PageID 4-6). For the following reasons, Plaintiff's Complaint should be dismissed.

As an initial matter, the Complaint must be dismissed against defendants ODRC and NCI because neither are proper Defendants under § 1983. "Section 1983 creates liability for

3

'persons' who deprive others of federal rights under color of law.  Only a 'person' faces liability under the statute." *Hohenberg v. Shelby Cty., Tenn.*, 68 F.4th 336 (6th Cir. 2023) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989)).  Neither the ODRC nor NCI is a "person."  *McGlone v. Warren Corr. Inst.,* No. 1:13cv126, 2013 WL 1563265, at *3 (S.D. Ohio Apr. 12, 2013) (holding that claims against a state prison and the ODRC should be dismissed because "neither the state prison facility nor the state corrections department is an entity capable of being sued under § 1983") (citing cases), *report and recommendation adopted*, 2013 WL 2352743 (S.D. Ohio May 29, 2013).

Additionally, the Complaint should be dismissed as to all Defendants in their official capacities to the extent that Plaintiff seeks monetary damages.  Absent an express waiver, a state is immune from damage suits under the Eleventh Amendment.  *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy*, 506 U.S. 139 (1993); *Edelman v. Jordan*, 415 U.S. 651 (1974).  The State of Ohio has not constitutionally nor statutorily waived its Eleventh Amendment immunity in the federal courts.  *See Johns v. Supreme Court of Ohio*, 753 F.2d 524 (6th Cir. 1985); *State of Ohio v. Madeline Marie Nursing Homes*, 694 F.2d 449 (6th Cir. 1982).  The Eleventh Amendment bar extends to actions where the state is not a named party, but where the action is essentially one for the recovery of money from the state.  *Edelman*, 415 U.S. at 663; *Ford Motor Company v. Dept. of Treasury*, 323 U.S. 459, 464 (1945).  A suit against Defendants in their official capacities would, in reality, be a way of pleading the action against the entity of which defendants are agents.  *Monell v. Dept. of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978).  Thus, actions against state officials in their official capacities are included in this bar.  *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 70-71 (1989); *Scheuer v. Rhodes*, 416 U.S. 232 (1974).  *See also Colvin v. Caruso*, 605 F.3d 282, 289 (6th

4

Cir. 2010) (citing *Cady v. Arenac Co.*, 574 F.3d 334, 344 (6th Cir. 2009)) ("[A]n official-capacity suit against a state official is deemed to be a suit against the state and is thus barred by the Eleventh Amendment, absent a waiver." (citation and ellipsis omitted)). Therefore, all of the named Defendants are immune from suit in their official capacities to the extent that Plaintiff seeks monetary damages.

Next, Plaintiff's claim against Defendant Warden Forshey should be dismissed. Plaintiff claims the Warden violated his Fourteenth Amendment rights by failing to hire adequate and qualified staff. (Doc. 1, at PageID 6). A plaintiff bringing an action pursuant to § 1983 cannot base liability upon a theory of *respondeat superior* or vicarious liability. *Taylor v. Mich. Dep't of Corr.,* 69 F.3d 76, 81 (6th Cir. 1995) (citing *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984)). Liability under § 1983 must be based on active unconstitutional behavior and cannot be based upon "a mere failure to act." *Shehee v. Luttrell,* 199 F.3d 295, 300 (6th Cir. 1999). Plaintiff's Complaint does not assert that the Warden encouraged, implicitly authorized or knowingly acquiesced in the alleged unconstitutional behavior of a subordinate. Instead, Plaintiff's allegations are based on "a mere failure to act" and do not state a claim. *Shehee*, 199 F.3d at 300. Therefore, Plaintiff's claims against Warden Forshey should be dismissed.

Plaintiff's claims against Defendants Chambers-Smith, Morrow, and Cobb should also be dismissed. As with the Warden, Plaintiff asserts that ODRC Director Chambers-Smith failed to hire adequate or qualified staff. (Doc. 1, at PageID 6). This claim is subject to dismissal for same reasons that Plaintiff's claim against the Warden is subject to dismissal. *See Shehee*, 199 F.3d at 300. Plaintiff also asserts that Chambers-Smith, as well as Morrow and Cobb, violated his Eighth and Fourteenth Amendment rights by improperly denying his grievances. (Doc. 1, at PageID 6). "Prison inmates do not have a constitutionally protected right to a grievance procedure." *Miller v. Haines*, No. 97–3416, 1998 WL 476247, at *1 (6th Cir. Aug. 3, 1998)

5

(citations omitted).  Prison officials whose only roles "involve their denial of administrative grievances and their failure to remedy the alleged [unconstitutional] behavior" cannot be liable under § 1983.  *Shehee,* 199 F.3d at 300.  Nor does a prison official's alleged failure to adequately investigate claims of misconduct rise to the level of "encouragement" that would make the official liable for such misconduct.  *Knop v. Johnson,* 977 F.2d 996, 1014 (6th Cir. 1992); *Bellamy*, 729 F.2d at 421.  Therefore, Plaintiff's claims against Defendants Chambers-Smith, Morrow, and Cobb should be dismissed.

Nor has Plaintiff stated a plausible claim against the unidentified Defendant corrections officers or Defendant Campbell.  Plaintiff alleges that these Defendants violated his right to equal protection under the Fourteenth Amendment.  (Doc. 1, at PageID 5).  The Equal Protection Clause of the Fourteenth Amendment is essentially a direction that all similarly situated persons be treated equally under the law.  *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985).  To state an equal protection claim, a plaintiff must allege facts demonstrating that the defendants acted with the intent and purpose to discriminate against him based upon membership in a protected class, or that defendants purposefully treated him differently than similarly situated individuals without any rational basis for the disparate treatment.  *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

Plaintiff's allegations are insufficient to state an equal protection claim.  Plaintiff has not alleged facts demonstrating that he was intentionally discriminated against on the basis of his membership in a protected class or that he was intentionally treated differently than other similarly situated inmates without a legitimate state purpose.  As an initial matter, "age is not a suspect classification under the Equal Protection Clause."  *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 83 (2000).  Moreover, Plaintiff has not identified any similarly situated prisoner from whom

6

he was treated differently. *See Tri–Health, Inc. v. Bd. of Comm'rs,* 430 F.3d 783, 791 (6th Cir. 2005).

At most, Plaintiff suggests that the application of the identification-card policy and accompanying fee provision to inmates whose appearances change due to age will have a disparate impact on older inmates. (*See* Doc. 1, at PageID 3). But "mere disparate impact is not sufficient to state an equal protection claim under § 1983." *Weberg v. Franks*, 229 F.3d 514, 528 (6th Cir. 2000) (citing *Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995)). Moreover, Plaintiff has not shown there was not a rational basis for any differences in treatment. The state has a legitimate interest in having prisoners use updated identification cards and in defraying the costs of making the cards. *Cf. Solomon v. Michigan Dep't of Corr.,* No. 1:13-CV-257, 2013 WL 6047215, at *4–5 (W.D. Mich. Nov. 14, 2013) (noting the state's legitimate interest in defraying prison costs). Further, to the extent that Plaintiff alleges that these Defendants erroneously applied the policy to him, "claims related to violations of prison policies do not state a constitutional violation." *Hursey v. Anderson*, No. 16-1146, 2017 WL 3528206, at *2 (6th Cir. Mar. 31, 2017). Therefore, Plaintiff has failed to state a claim against these Defendants for violation of his Fourteenth Amendment right to equal protection.

Finally, Plaintiff alleges that in charging him the $5.00 fee for obtaining the new identification card Defendant Campbell and the unidentified Defendant corrections officer who told him to sign the cash slip violated the Eighth Amendment prohibition against cruel and unusual punishment. (Doc. 1, at PageID 5). To state a claim under the Eighth Amendment, Plaintiff must plead facts showing that he "was incarcerated under conditions posing a substantial risk of serious harm" and that Defendants "knew of and disregarded that excessive risk to the inmate's health or safety." *Finley v. Huss*, 102 F.4th 789, 805 (6th Cir. 2024). "[T]he Constitution does not mandate comfortable prisons," and conditions that may seem "restrictive"

7

or "even harsh" are "part of the penalty that criminal offenders pay for their offenses against society." *Rhodes v. Chapman*, 452 U.S. 337, 347–49 (1981). Being required to cover the cost of obtaining a new prisoner identification card, especially in the absence of any allegations of insufficient funds to do so, is not a condition posing a substantial risk of serious harm. *See Bailey v. Carter*, 15 F. App'x 245, 250 (6th Cir. 2001) (dismissing Eighth Amendment challenge to $3 co-pay charge). S*ee also Dieffenbacher v. Young*, No. 7:24-CV-00057, 2026 WL 540165, at *4 (W.D. Va. Feb. 26, 2026) (charging nominal fee for room and board does not raise constitutional concerns) (citing cases); *Spencer v. Sullivan Cty. Sheriff's Off.*, No. 2:23-CV-111, 2023 WL 5657978, at *4 (E.D. Tenn. Aug. 31, 2023) (dismissing challenge to policy of charging inmates for laundry detergent).

Plaintiff's additional allegation that he felt verbally intimidated (Doc. 1, at PageID 3) by one of the unidentified Defendant corrections officers fares no better. The "[u]se of harassing or degrading language by a prison official, although unprofessional and deplorable, does not rise to constitutional dimensions." *Reynolds v. Warzak*, No. 2:09-CV-144, 2011 WL 4005477, at *5 (W.D. Mich. Sept. 8, 2011) (citing *Murray v. U.S. Bureau of Prisons*, 106 F.3d 401 (6th Cir. 1997)). Therefore, Plaintiff has failed to state a claim for violation of his Eighth Amendment right to be free from cruel and unusual punishment.

Accordingly, the Court should **DISMISS** Plaintiff's Complaint with prejudice for failure to state a claim upon which relief can be granted. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

### IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's Complaint be **DISMISSED** with prejudice, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in

good faith.  *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds*, *Jones v. Bock*, 549 U.S. 199, 203 (2007).


July 13, 2026

KAREN L. LITKOVITZ
United States Magistrate Judge


## PROCEDURE ON OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019).  *See also Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).